## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JASON CARR, VICKI LEMASTER, EDWARD FORD SERVICES LLC, CARLTON MORGAN, 365 SUN LLC, and CANDICE WORTHY, *individually and on behalf of others similarly situated*,<br><br>        Plaintiffs,<br><br>v.<br><br>KABBAGE, INC., d/b/a K SERVICING,<br><br>        Defendant. | CIVIL ACTION<br>NO. 1:22-cv-01249-VMC |

## DEFENDANT KABBAGE, INC., D/B/A KSERVICING'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.   LEGAL ARGUMENT.......................................................................................2

    A.   Plaintiffs Cannot Maintain a Private Cause of Action Under the CARES Act, Requiring Dismissal of All Claims. ................................2

    B.   Plaintiffs' Claims Brought Pursuant to California, Michigan, North Carolina, and Florida Statutes Should Be Dismissed Because Georgia Law Governs. ............................................................6

    C.   Plaintiffs' State Law Claims Fail Procedurally and Substantively and Should Be Dismissed.........................................................................8

        1.   Plaintiffs' California Statutory Claims Fail. ...............................8

        2.   Plaintiffs' Michigan Statutory Claims Fail...............................11

        3.   Plaintiffs' North Carolina Statutory Claims Fail.....................12

        4.   Plaintiffs' Florida Statutory Claims Fail...................................12

        5.   Plaintiffs' Georgia Statutory Claims Fail. ................................13

    D.   Plaintiffs Carr, Edward Ford Services LLC and Morgan's Claims Should Be Dismissed for Failure to Exhaust Their Administrative Remedies. ...................................................................14

II.  CONCLUSION............................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Sandoval*,
532 U.S. 275 (2001)................................................................2

*Am. Video Duplicating, Inc. v. City Nat'l Bank II*,
No. 220CV04036JFWJPR, 2020 WL 6882735 (C.D. Cal. Nov. 20,
2020) ...........................................................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2008)................................................................2

*B&Z Auto Enters. v. Autotrader*,
No. 1:16-CV-2313-MHC, 2017 U.S. Dist. LEXIS 229130 (N.D.
Ga. Mar. 13, 2017)...................................................................7

*Barnes v. AstraZeneca Pharm. LP*,
253 F. Supp. 3d 1168 (N.D. Ga. 2017)..................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................2

*Bishop's Prop. & Investments, LLC v. Protective Life Ins. Co.*,
597 F. Supp. 2d 1354 (M.D. Ga. 2009)...................................8

*Blassingame v. Governor of Ohio*,
No. 1:21-cv-375, 2021 U.S. Dist. LEXIS 144612 (S.D. Ohio Aug.
3, 2021) ....................................................................................4

*Bonilla v. United States*,
652 F.App'x 885 (11th Cir. 2016).................................2, 13, 16

*Diagnostic Affiliates of Northeast Hous. LLC v. United Healthcare
Services, Inc.*,
No. 2:21-cv-00131, 2022 WL 214101 (S.D. Tex. Jan. 18, 2022) ........4

ii

*Dowis v. Mud Slingers, Inc.*,
279 Ga. 808 (2005) ......................................................................................8

*Frazier v. HSBC Mortg. Servs., Inc.*,
No. 8:08–CV–2396, 2009 WL 4015574 (M.D. Fla. Nov. 19, 2009),
aff'd on other grounds, 401 Fed.Appx. 436 (11th Cir.2010) ..............................10

*Hines v. MidFirst Bank*,
No. 1:14-cv-00505, 2014 U.S. Dist. LEXIS 189295 (N.D. Ga.
Nov. 26, 2014) ................................................................................15

*Hubbert v. Dell Corp.*,
359 Ill. App. 3d 976, 296 Ill. Dec. 258, 835 N.E.2d 113 (2005)..........................8

*Johnson v. JPMorgan Chase Bank, N.A.*,
488 F. Supp. 3d 144, 157 (S.D.N.Y. 2020), appeal withdrawn sub
nom. *Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-3588, 2021
WL 161730 (2d Cir. Jan. 14, 2021) ....................................................3

*Kabbage, Inc. d/b/a KServicing v. Customers Bank*,
No. 1:22-cv-02101 (N.D. Ga.)................................................................5

*Lewis v. Navient Corp.*,
No. 1:20-cv-0572, 2020 U.S. Dist. LEXIS 256377 (N.D. Ga. Apr.
2, 2022) ..........................................................................................10

*Lopez v. Bank of Am., N.A.*,
505 F. Supp. 3d 961, 974 (N.D. Cal. 2020)........................................................3

*Mescall v. United States Dep't of Justice*,
No. 2:20-CV-13364, 2021 WL 199277 (E.D. Mich. Jan. 19, 2021)...................3

*Meyer v. Uber Techs., Inc.*,
868 F.3d 66 (2d Cir. 2017) ............................................................................7, 8

*Moore-Davis Motors, Inc. v. Joyner*,
252 Ga. App. 617, 556 S.E.2d 137 (2001) ........................................................14

*Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.*,
No. 3:20cv1675(JBA), 2022 WL 743088 (D. Conn. Mar. 11, 2022) .................3

*Noggles v. Battle Creek Wrecking, Inc.*,
  153 Mich. App. 363, 395 N.W.2d 322, 1986 Mich. App. LEXIS
  2791 (Mich. Ct. App. 1986)..............................................................................12

*PDC Labs., Inc. v. Hach Co.*,
  No. 09-1110, 2009 U.S. Dist. LEXIS 75378 (C.D. Ill. Aug. 24,
  2009) ......................................................................................................................8

*Perry v. Stewart Title Co.*,
  756 F.2d 1197 (5th Cir.1985) ...............................................................................10

*Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742, 748 (D. Md.
  2020), appeal dismissed, No. 20-1438, 2020 WL 6042036 (4th Cir.
  May 28, 2020) .........................................................................................................3

*Saloojas, Inc. v. Aetna Health of California, Inc.*,
  No. 22-CV-01696-JSC, 2022 WL 2267786 (N.D. Cal. June 23,
  2022) ......................................................................................................................3

*Sanchez, PC v. Bank of S. Tex.*,
  No. CV-20-00139, 2020 WL 6060868 (S.D. Tex. Oct. 14, 2020) .......................3

*Shehan v. United States*,
  No. 1:20-cv-00500, 2020 U.S. Dist. LEXIS 244022 (S.D. Ohio
  Dec. 29, 2020).........................................................................................................3

*Tectonics, Inc. v. Castle Constr. Co.*,
  753 F.2d 957 (11th Cir. 1985) ...............................................................................2

**Statutes**

California Business & Professions Code § 17200....................................................9

California Civil Code § 1788.2(e) ....................................................................11, 12

Florida Statute § 501.20.........................................................................................13

Georgia Code Annotated § 10-1-373(a) .................................................................14

Michigan Compiled Laws Annotated
 § 445.901...................................................................................................12
 § 445.902(g)..............................................................................................12

North Carolina General Statutes § 75-54...............................................................13

## Rules and Regulations

Federal Rule of Civil Procedure Rule 12(b)(6) .......................................................2

Plaintiffs have failed to address the legal deficiencies in their Complaint identified by Defendant Kabbage Inc. d/b/a KServicing ("KServicing") in its Memorandum of Law in Support of its Motion to Dismiss ("Motion to Dismiss"). Unable to refute the clear inadequacy of their pleading, Plaintiffs instead have engaged in an irrelevant (and inaccurate) digression regarding their disapproval of the fact that KServicing—like every other private participant—sought to make a profit on the services it provided under the Paycheck Protection Program ("PPP").

Plaintiffs' claims are clearly intended to enforce provisions of the CARES Act, despite their protestations, and those claims fail because there is no private right of action under that statute. Plaintiffs note with apparent approval that the House of Representatives and Department of Justice have launched an investigation into PPP loans.[1] Plaintiffs however go on to argue the legally untenable position that such investigations somehow provide a basis for their otherwise impermissible claims to proceed. (*See* Opp. at 12, n. 1.) There is no legal authority for their assertion. *Iqbal*

---

[1] Plaintiffs tellingly omit that the congressional investigation was launched because *applicants* submitted fraudulent information in support of their loan applications, and not because the government determined KServicing administered PPP loans in a fraudulent manner, as Plaintiffs repeatedly imply. (*See* Opp. at 11-13; *id.* 12 n. 1 (citing Letter from Chairman James Clyburn, House of Representatives Select Subcommittee on the Coronavirus Crisis to Rob Frohwein, May 27, 2021)). Indeed, the citations to congressional activities surrounding PPP *borrower* fraud supports that lender decisions to request substantiating documents from applicants is neither fraudulent, self-interested, nor inconsistent with SBA guidance or public policy.

and *Twombly* are clear: a court must dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the facts alleged do not entitle the plaintiff to relief. *See e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiffs' theory, as characterized in their opposition, (Opp. at 12-14), is the very definition of what the Eleventh Circuit has called "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" that will not prevent dismissal." *Bonilla v. United States*, 652 F.App'x 885, 889 (11th Cir. 2016) (citation omitted). What Plaintiffs have not done in their opposition is meaningfully address the legal arguments KServicing raised in the Motion to Dismiss, or established they have pled facts supporting the essential elements of their claims. Accordingly, this Court should dismiss Plaintiffs' Complaint in its entirety.

## I.   LEGAL ARGUMENT

### A.   Plaintiffs Cannot Maintain a Private Cause of Action Under the CARES Act, Requiring Dismissal of All Claims.

Plaintiffs cannot escape the fact that no private right of action exists to enforce the CARES Act. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."); *Tectonics, Inc. v. Castle Constr. Co.*, 753 F.2d 957, 960 (11th Cir. 1985) (finding no private right of action under Small Business Act, which was amended by CARES Act).

Plaintiffs cannot and do not address the numerous court decisions that have concluded the newly enacted CARES Act does not provide a private right of action.[2] Indeed, courts have already rejected the same arguments raised by Plaintiffs and expressly held that disgruntled PPP loan borrowers cannot seek relief from the court. *See e.g. Shehan v. United States*, No. 1:20-cv-00500, 2020 U.S. Dist. LEXIS 244022, at *28, 33 (S.D. Ohio Dec. 29, 2020) ("the [c]ourt lack[s] subject matter jurisdiction" because "[n]othing in the text of § 1102 in particular or the CARES Act in general states that a potential borrower whose PPP application was declined may bring a claim in federal court.").

Plaintiffs seek to simply ignore this sea of authority in purported reliance on *Diagnostic Affiliates of Northeast Hous. LLC v. United Healthcare Services, Inc.*, No. 2:21-cv-00131, 2022 WL 214101, at **8-9 (S.D. Tex. Jan. 18, 2022), an

---

[2] *See e.g. Saloojas, Inc. v. Aetna Health of Cal., Inc*., No. 22-CV-01696, 2022 WL 2267786, at *4 (N.D. Cal. June 23, 2022); *Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co*., No. 3:20cv1675, 2022 WL 743088, at *2–6 (D. Conn. Mar. 11, 2022); *Am. Video Duplicating, Inc. v. City Nat'l Bank,* No. 220CV04036, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020); *Juan Antonio Sanchez, PC v. Bank of S. Tex*., 494 F. Supp. 3d 421, 432 (S.D. Tex 2020); *Profiles, Inc. v. Bank of Am. Corp*, 453 F. Supp. 3d 742, 748 (D. Md. 2020), appeal dismissed, No. 20-1438, 2020 WL 6042036 (4th Cir. May 28, 2020); *Johnson v. JPMorgan Chase Bank*, N.A., 488 F. Supp. 3d 144, 157 (S.D.N.Y. 2020), appeal withdrawn sub nom. *Quinn v. JPMorgan Chase Bank, N.A*., No. 20-3588, 2021 WL 161730 (2d Cir. Jan. 14, 2021); *Mescall v. U.S. Dep't of Just.*, No. 2:20-CV-13364, 2021 WL 199277, at *2 (E.D. Mich. Jan. 19, 2021); *Lopez v. Bank of Am.*, N.A., 505 F. Supp. 3d 961, 974 (N.D. Cal. 2020).

inapposite decision finding an implied private cause of action for COVID testing centers to enforce the provision of the Families First Coronavirus Response Act and the CARES Act's "reimbursement requirement" based on the mandatory nature of the reimbursement right in the statute.  (Opp. at 23).  This exception is premised on the mandatory nature of the reimbursement requirement.   There is no similar mandatory provision in the CARES Act that would permit the claims here to proceed.   To the contrary, here, the SBA set forth regulations, and specifically established an administrative review process for borrowers that are dissatisfied with partial approval forgiveness decisions issued by their PPP Lenders.   (*See* SBA Procedural Notice Control No. 5000-827666 n. 1.)  The SBA administrative process sets forth the vehicle by which Plaintiffs should address their alleged concerns.

Moreover, the narrow ruling in *Diagnostic* is inconsistent with the reasoning of the majority of courts finding no private right of action whatsoever exists under the CARES Act.  (*See infra.* at 3 n. 2, 5; *see also* Opp. at 24 (citing decisions dismissing complaints because no right of action exists under the CARES Act)).

Plaintiffs argue alternatively they are "not seeking to enforce any provisions of either statute,"  (Opp. at 21),  but such a position is contrary to the allegations pled in the Complaint.  Plaintiffs expressly, and repeatedly, cite KServicing's purported failure to comply with the terms of the CARES Act or SBA Act as the basis for each

count of their asserted state law claims.  (Compl. ¶¶ 243-244, 262, 264, 274, 278, 284, 297-298.)  The arguments in Plaintiffs' opposition are a transparent attempt to recast their claims as something other than what they are on their face—a challenge to KServicing's performance in administering the CARES Act requirements.

That Plaintiffs argue their claims are not specifically raised as violations of the CARES Act does not save their defective pleading.[3]  (Opp. at 20.)  Numerous courts have dealt with plaintiffs' attempts to circumvent prohibitions on private rights of actions by simply renaming causes of action and outright rejected those efforts. (*See* Doc. 12-1 at 18-20); *see Lopez v. Bank of Am*., N.A., 505 F. Supp. 3d 961, 974 (N.D. Cal. 2020) (holding the plaintiff's state law claims must fail because they are predicated on theory that he is entitled to an agent fee under the CARES Act and the SBA Rule, and there is no private right of action under the CARES Act).

---

[3] Plaintiffs go so far as to incorrectly assert that an unrelated Complaint, filed by KServicing, somehow supports their attempt to circumvent settled law proscribing a private cause of action where none exists.  (Opp. at 19-20.)  As the allegations in the *Kabbage, Inc. d/b/a KServicing v. Customers Bank*, No. 1:22-cv-02101 (N.D. Ga.) complaint make clear, KServicing filed suit against Customers Bank ("CUB") because CUB breached the parties' processing agreement ("PSA"). (No. 1:22-cv-02101, Doc. 1 ¶ 9) ("This action arises out of Customers failure to pay KServicing amounts owed for those services pursuant to the parties' agreements.")  Thus, KServicing filed suit because CUB breached the parties' contract, not because CUB violated a provision of the CARES Act.  KServicing made no allegation regarding a breach of the CARES Act.  Plaintiffs here do the opposite.  (Compl. ¶¶ 243-244, 262, 264, 274, 278, 284, 297-298.)

Plaintiffs conveniently ignore these decisions and seek to rescue their claims by arguing that the "SBA does not completely preempt all state causes of action that implicate standards created by the SBA." (Opp. at 21.)  The three decisions cited by Plaintiffs, however, are inapposite and easily distinguishable.   None address preemption as it relates to the newly enacted CARES Act, or the SBA regulations that seek to enforce the CARES Act.  (*See id*.)  As noted above, the specific question of preemption and the CARES Act has been analyzed by courts nationwide and those courts have held that plaintiffs are precluded from bringing such claims.  (*Supra* at 3, 5.)  This Court should do the same.

**B.** **Plaintiffs' Claims Brought Pursuant to California, Michigan, North Carolina, and Florida Statutes Should Be Dismissed Because Georgia Law Governs.**

Plaintiffs' claims brought under California, Michigan, North Carolina, and Florida law should be dismissed because the dispute is governed by Georgia law. Plaintiffs do not dispute that the Terms of Service are valid and enforceable, or that a contractual choice-of-law provision bars actions brought under another state's law. (*See* Opp. at 26-28.) Instead, Plaintiffs incorrectly claim the choice-of-law provision does not govern because KServicing has not established Plaintiffs agreed to, or were on actual or constructive notice of the Terms of Service. (Opp. at 26-27.)

Plaintiffs at minimum had constructive notice of the website's terms and conditions because the bolded link to KServicing's Terms of Service is *accessible from every page* of KServicing.com, including the borrower sign-in page.[4] *See e.g. PDC Labs., Inc. v. Hach Co.*, No. 09-1110, 2009 U.S. Dist. LEXIS 75378, at *8 (C.D. Ill. Aug. 24, 2009) ("It is undisputed that the Terms were hyperlinked on three separate pages of the online Plate order process in underlined, blue, contrasting text. This contrasting text is sufficient to be considered conspicuous under Hubbert, even though the Terms are only linked three times instead of five times, because it is not the repetition of the display of a term that is determinative but the contrast of a term."); *Hubbert v. Dell Corp.*,  835 N.E.2d 113, 121 (Ill. App. Ct. 2005) (holding Texas law applied because the terms and conditions of sales contained a choice of

---

[4] KServicing's Terms of Service are an example of a browsewrap agreement. Browsewrap agreements are agreements that generally post terms and conditions on a website via a hyperlink at the bottom of the screen.  *B&Z Auto Enters. v. Autotrader*, No. 1:16-CV-2313, 2017 U.S. Dist. LEXIS 229130, at *23 n.10 (N.D. Ga. Mar. 13, 2017).  Browsewrap agreements "do[] not require the user to manifest assent to the terms and conditions expressly. *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017).  "A party instead gives his assent simply by using the website." *B&Z Auto Enters.*, 2017 U.S. Dist. LEXIS 229130, at *23 n.10 (quoting *Sw. Airlines Co.*, 2007 U.S. Dist. LEXIS 96230).  "[T]he determination of the validity of the browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions." *Id.*  Indeed, "[t]hat the Terms of Service were available only by hyperlink does not preclude a determination of reasonable notice."  *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 78 (2d Cir. 2017).  As the Second Circuit explained, "clicking [a] hyperlinked phrase is the twenty-first century equivalent of turning over the cruise ticket."  *Id.*

law provision and the terms and conditions of sales was an enforceable agreement because the hyperlink's contrasting blue type makes it conspicuous).  Plaintiffs' do not argue otherwise.

Even if the Terms of Service are limited in the manner Plaintiffs claim, under Georgia law, the doctrine of *lex locus delictus* would still bar all non-Georgia claims. *Lex locus delictus* applies when addressing conflict of laws issues in tort cases. *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808 (2005).  Under *lex locus delictus* the substantive law of the place where the alleged wrong occurred should govern—i.e. Georgia, where KServicing purportedly failed to diligently process the loans.  *See Bishop's Prop. & Inves., LLC v. Protective Life Ins. Co.*, 597 F. Supp. 2d 1354, 1359 (M.D. Ga. 2009) ("Under the rule of lex loci delicti, tort cases are governed by the substantive law of the state where the tort was committed.") (citation omitted).

Therefore, Plaintiffs cannot maintain causes of actions brought under California, North Carolina, Michigan, and Florida law because Georgia law governs.

## C.   Plaintiffs' State Law Claims Fail Procedurally and Substantively and Should Be Dismissed.

### 1.   Plaintiffs' California Statutory Claims Fail.

Plaintiffs have not pled a cognizable claim under California's UCL. Plaintiffs allege that KServicing violated Cal. Bus. & Prof. Code § 17200 which prohibits "unfair competition."   The opposition confirms Plaintiffs have not and cannot

sufficiently plead "fraudulent" or "unfair" conduct within the meaning of the California statute.

Plaintiffs broadly assert they have plausibly alleged fraudulent conduct but do not identify the specific factual allegations supporting the purportedly fraudulent statements. (Opp. at 36.) Plaintiffs' conclusory assertion that a statement is false will not suffice. For example, Plaintiffs complain that KServicing's website contains the following allegedly false statement:

> "borrowers with loans under $150,000 who qualify to use the new Form 3508S *may not* need to submit any supporting documentation," but continuing to demand thousands of customers with loans under this threshold continue submitting unnecessary documentation.

(Compl. ¶ 297) (emphasis added); (Opp. at 36.) This is a non-binary statement and cannot support a finding of falsity. The above statement merely says, *it is possible* that borrowers with loans under $150,000 will not be required to submit supporting documentation. Accordingly, Plaintiffs' allegation that KServicing requested supporting documentation from Plaintiffs cannot support a fraud or misrepresentation claim.

Additionally, California's Rosenthal Act is inapplicable to the parties relationship and transactions for multiple reasons. First, KServicing is not a debt collector within the meaning of the FDCPA. Contrary to Plaintiffs' assertion, because KServicing is a PPP loan servicer (*see, e.g.* Compl. at 1, 5 n.1, 16; *id.* ¶¶ 3,

6, 10, 14, 214-219), operating akin to a mortgage servicing company, it does not fall within the meaning of a FDCPA debt collector. *See e.g. Lewis v. Navient Corp*., No. 1:20-cv-0572, 2020 U.S. Dist. LEXIS 256377, 19, n. 7 (N.D. Ga. Apr. 2, 2022) ("the FDCPA cannot succeed under the facts alleged, which expressly show that Defendant was the servicer on Plaintiff's loans, and not a debt collector.").

Further, the Rosenthal Act does not apply to the alleged misconduct because it governs "consumer credit transaction[s]"—i.e. "a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person *primarily for personal, family, or household purposes*." Cal. Civ. Code § 1788.2(e) (emphasis added).  It is undisputed that PPP loans are loans for small businesses, and not "primarily for personal, family, or household purposes."  (Opp. at 38.)  In an effort to circumvent the clear mandate of the statute, Plaintiffs assert they are "natural persons" and their "use the loan funds for 'rent, utilities and interest mortgage' qualifies the PPP loans" as "credit consumer transaction."  (*Id*.)  Not so.  First, Plaintiffs expressly allege that they are "small businesses." (*See, e.g.* Compl. ¶ 20).  Independently, as the FDCPA and Rosenthal Act make clear, the transaction must occur between two natural persons.  *See* Cal. Civ. Code § 1788.2(e) (The term "consumer credit transaction" relates to "a transaction between a natural person and another person in which property, services,

10

or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes.")  Therefore, even if Plaintiffs qualify as natural persons within the statute, KServicing does not.

Finally, the PPP loans are administered to business owners for their respective businesses.  Plaintiffs' purported use of the PPP loans for "rent, utilities and interest on mortgage" cannot transform the transaction to one which is "primarily for personal, family or household purposes," as required under California law.  *See* Cal. Civ. Code § 1788.2(e).  Plaintiffs can plead no set of facts that would bring their PPP loan claims within the purview of the FDCPA or the Rosenthal Act.[5]

### 2.   Plaintiffs' Michigan Statutory Claims Fail.

Plaintiffs likewise have not pled a legally cognizable claim under Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, ("MCPA").  Plaintiffs argue that KServicing was engaged in "trade or commerce" pursuant to § 445.902(g) of the MCPA. But, like the California consumer protection statutes, the MCPA was enacted to protect consumers in purchases of goods that are primarily used for personal, family or household purposes, regardless of the character of the seller's business.  *Noggles v. Battle Creek Wrecking, Inc.*, 395 N.W.2d 322, 323-24

---

[5] Plaintiffs not only fail to allege unlawful, unfair, or deceptive conduct, but completely ignore that KServicing's alleged misconduct with respect to pre-populated loan forgiveness applications followed SBA guidance. (Doc. 12-1 at 25.)

(Mich. Ct. App. 1986).   As discussed above, the loans that are the subject of Plaintiffs' claims do not relate to personal, family, or household purposes, but rather are business loans for small businesses.  (*Supra* at 10-11.)  Thus, Plaintiffs cannot allege conduct falling within the MCPA.

### 3.   Plaintiffs' North Carolina Statutory Claims Fail.

Plaintiffs have similarly failed to plead a valid claim under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-54  ("UDTPA").

Rather than respond individually or substantively to KServicing's arguments in support of dismissing the North Carolina UDTPA claims, Plaintiffs make the conclusory assertion that KServicing's conduct "related to the pre-populated loan forgiveness application is an unfair and deceptive act or practice."  (Opp. at 35-36.) Plaintiffs provide no authority to support this statement and such conclusory labels cannot save this claim from dismissal. *Bonilla*, 652 F.App'x at 889.

### 4.   Plaintiffs' Florida Statutory Claims Fail.

Plaintiffs also have not pled a legally cognizable claim under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.20 ("FUDTPA"). Plaintiffs' own allegations claim that  KServicing  is attempting to collect on Plaintiffs' loans (Compl. ¶¶ 163; 203.) yet the FUDTPA contains a debt collector exemption.  Plaintiffs simply ignore this fatal inconsistency specifically addressed

in the Motion to Dismiss and simply assert, that they nonetheless have sufficiently pleaded their claims.  (Opp. at 39.)  Plaintiffs' assertion is not only unavailing, but Plaintiffs' failure to address KServicing's argument constitutes a waiver of the claim.  *See Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017) ("When an argument is raised upon  [a] motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal.") (citations omitted).

### 5.     Plaintiffs' Georgia Statutory Claims Fail.

Plaintiffs correctly note that KServicing referred to the Georgia Fair Business Practices Act ("FBPA"), rather than the Georgia Uniform Deceptive Trade Practice Act ("GUDTPA") in its Motion to Dismiss.   Notwithstanding this mistake, Plaintiffs' GUDTPA claim still fails.  "Unlike the FBPA, which permits a recovery of damages, the sole remedy available under the [G]UDTPA is injunctive relief." *Moore-Davis Motors, Inc. v. Joyner*, 556 S.E.2d 137, 140 (Ga. Ct. App. 2001).  But, Plaintiffs did not plead any unique injunctive relief in support of their GUDTPA claim. (*See* Compl. ¶ 279.)  As Plaintiffs have only asserted a claim for injunctive relief in Count 1—which is impermissibly rooted in a purported violation of the CARES Act, Plaintiffs cannot prevail on their GUDTPA claim.

**D.** **Plaintiffs Carr, Edward Ford Services LLC and Morgan's Claims Should Be Dismissed for Failure to Exhaust Their Administrative Remedies.**

Plaintiffs Carr, Edward Ford Services LLC and Morgan's claims should be dismissed for failure to exhaust administrative remedies. It is undisputed that the SBA promulgated a Procedural Notice outlining the "process being implemented by SBA to allow [PPP] borrowers to request an SBA loan review of partial approval forgiveness decisions issued by their PPP Lenders." *See* Procedural Notice Control No. 5000-827666 n. 1. Plaintiffs now seek to circumvent the exhaustion requirement by asserting that they "contacted SBA regarding their loans and their forgiveness status, [and] they were told to contact [], their loan provider." (Opp. at 44-45.)

As an initial matter, Plaintiffs' attempt to allege new facts in their opposition is improper and these statements should not be considered by the Court. *See Hines v. MidFirst Bank,* No. 1:14-cv-00505, 2014 U.S. Dist. LEXIS 189295, at 36 (N.D. Ga. Nov. 26, 2014) ("it is improper for Plaintiff to supplement or augment a complaint in response to a motion to dismiss") (citing *Huls v. Llabona*, 437 Fed. Appx. 830, 832 n.5 (11th Cir. Aug. 15, 2011) (argument not properly raised where plaintiff asserted it for the first time in response to defendant's motion to dismiss, instead of seeking leave to file an amended complaint.)

Even if Plaintiffs had included the aforementioned allegation in their Complaint, the allegation does not support dispensing with the exhaustion requirement.  Plaintiffs' purported inquiries regarding their respective forgiveness status does not equate to an attempt to seek an SBA loan review. Accordingly, this Court should disregard Plaintiffs' unsupported conclusory assertion regarding the purported "impossibility of obtaining relief from the SBA," and require exhaustion. *See Bonilla*, 652 F.App'x at 889 ("[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

## II.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs claims are insufficient as a matter of law. Accordingly, Defendant KServicing respectfully requests that this Court dismiss the complaint in its entirety with prejudice and award KServicing all such other relief to which it is justly entitled.  *See Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999) (affirming denial of leave to amend as futile because the claims the plaintiff sought to add "were insufficient as a matter of law").

Dated:  July 25, 2022

<div style="margin-left: 40%;">

Respectfully submitted,

DENTONS US LLP

<u>/s/ Uchenna Ekuma-Nkama</u>
Uchenna Ekuma-Nkama
Georgia Bar No. 957861

</div>

Alizé D. Mitchell
Georgia Bar No. 349963
303 Peachtree Street, N.E.
Suite 5300
Atlanta, GA  30308
Telephone:  (404) 527-4000
Facsimile:   (404) 527-4198
uchenna.ekuma-nkama@dentons.com
alize.mitchell@dentons.com

Drew W. Marrocco
(pro hac vice forthcoming)
Virginia Bar No. 38955/D.C. Bar No. 53205
1900 K Street NW
Washington, DC 20006
Telephone: (202) 496-7500
Facsimile: (202) 496 7756
drew.marrocco@dentons.com

Tomasita L. Sherer
(pro hac vice forthcoming)
New York Bar No. 3033859
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
Facsimile: (212) 768 6800

*Counsel for Defendant Kabbage, Inc. d/b/a KServicing*

16

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**NORTHERN DISTRICT OF GEORGIA**</u>
<u>**ATLANTA DIVISION**</u>

| | |
|---|---|
| JASON CARR, VICKI LEMASTER, EDWARD FORD SERVICES LLC, CARLTON MORGAN, 365 SUN LLC, and CANDICE WORTHY, *individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> KABBAGE, INC., d/b/a KSERVICING, <br><br> Defendant. | CIVIL ACTION<br>NO. 1:22-cv-01249-VMC |

<u>**CERTIFICATE OF SERVICE AND COMPLIANCE**</u>

I certify that on July 25, 2022, I filed the foregoing **DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record. I also certify that the foregoing was prepared in accordance with N.D. Ga. L.R. 5.1, using Times New Roman font, 14 point.

<div align="right">

*/s/ Uchenna Ekuma-Nkama*
Uchenna Ekuma-Nkama

</div>

17